UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Terri Lynn Dunbar,
Plaintiff,

vs.

06 328

Omni Credit Services of Florida, Inc.,
Defendant.

Jury Trial Requested

---

## Complaint

### Introduction

1. The Plaintiff, an individual consumer, has brought this action alleging the Defendant engaged in harassing and abusive conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, and costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees, punitive damages and injunctive relief under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a), and supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of this District and the conduct complained of took place in this District.

## Parties

5. Plaintiff Terri Lynn Dunbar is a natural person residing in the City of Providence, County of Providence, State of Rhode Island.

6. The Defendant Omni Credit Services of Florida, Inc., (OCS) is a corporation organized and existing under the laws of the State of Florida.

## Facts Common To All Counts

7. At all times relevant to this Complaint, OCS was engaged in the business of regularly collecting debts, originally owned to third parties, using the mails and telephone in this state.

8. OCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. In September 2005, OCS placed numerous telephone calls to the Plaintiff while acting as a debt collector attempting to collect an alleged debt from the Plaintiff.

10. The Plaintiff incurred the alleged debt that gave rise to the telephone calls by purchasing goods primarily for her personal, family or household purposes.

11. On September 14, 2005, an OCS agent, who identified herself as Barbara, left the Plaintiff a message asking the Plaintiff to call OCS.

12. On September 14, 2005, the Plaintiff returned the call to OCS and spoke with an OCS agent who identified herself as Anna.

13. During her September 14, 2005 telephone conversation with OCS's agent Anna, the Plaintiff told OCS that she refused to pay the alleged debt OCS was attempting to collect from her and she gave OCS her correct address. Hereinafter that telephone conversation shall be referred to as the "September 14th Conversation."

## Count 1 – Federal FDCPA – Harassment

14. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

15. After the September 14th Conversation, OCS called the Plaintiff and engaged her in conversation with the intent to annoy, abuse, or harass her.

16. After the September 14th Conversation, OCS called the Plaintiff regarding the alleged debt on September 27, 2005.

17. The Defendants' conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(d)(5).

18. As a result of OCS's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 2 – Federal FDCPA – Failure To Cease Communication**

19. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

20. After the September 14th Conversation, OCS placed at least one call to the Plaintiff and engaged her in a conversation that was not a) for the purpose of telling her that collection efforts would cease; nor b) for the purpose of advising her that it might invoke a specific remedy; nor c) for the purpose of advising her that it would invoke a specific remedy.

21. The Defendants' conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(c)(c).

22. As a result of the telephone call and conversation after the September 14th Conversation, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 3 – Federal FDCPA – Abusive Language**

23. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

24. On September 14, 2005, a OCS agent who identified herself as Anna, in her conversation with the Plaintiff, used language a natural consequence of which is to abuse the hearer.

25. On September 27, 2005, an OCS agent who identified herself as Mrs. Slockter initiated a phone call to the Plaintiff and, in her conversation with the Plaintiff, used language a natural consequence of which is to abuse the hearer.

26. OCS's conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(d)(1).

27. As a result of OCS's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore**, the Plaintiff requests judgment against the Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 4 – Federal FDCPA – Misleading Representation**

28. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

29. On September 27, 2005, an OCS agent who identified herself as Mrs. Slockter told the Plaintiff that she was putting a lien on the Plaintiff's property.

30. On September 27, 2005, the law did not allow OCS to place a lien on the Plaintiff's property.

31. On September 27, 2005, OCS did not intend to place a lien on the Plaintiff's property.

32. OCS's conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(e)(4).

33. As a result of OCS's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28

USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 5 – State DTPA – Unfair Collection Efforts**

34. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

35. After the September 14th Conversation, OCS called the Plaintiff and engaged her in conversation with the intent to annoy, abuse, or harass her.

36. On September 14, 2005, a OCS agent who identified herself as Anna, in her conversation with the Plaintiff, used language a natural consequence of which is to abuse the hearer.

37. On September 27, 2005, an OCS agent who identified herself as Mrs. Slockter initiated a phone call to the Plaintiff and, in her conversation with the Plaintiff, used language a natural consequence of which is to abuse the hearer.

38. On September 27, 2005, an OCS agent who identified herself as Mrs. Slockter initiated a phone call to the Plaintiff and, in her conversation with the Plaintiff, said she was putting a lien on the Plaintiff's property despite the fact that the law did not allow OCS to do that and despite the fact that OCS did not intend to do that.

39. OCS's agents placed the calls referenced in this Count while acting within the scope of their employment by OCS.

40. OCS's agents were acting in furtherance of the business interests of OCS when they called the Plaintiff.

41. OCS was, or should have been, aware of its agents conduct while calling the Plaintiff.

42. OCS did not discipline any of its agents as a result of their calls to, and conversations with, the Plaintiff.

43. It was OCS's regular practice to allow its agents to conduct themselves in the way they did towards the Plaintiff.

44. It was OCS's practice to encourage its agents to conduct themselves in the way they did towards the Plaintiff.

45. OCS did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way they did towards the Plaintiff.

46. OCS's conduct as described in this Count constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(5)(xiii).

47. OCS's conduct as described in this Count is prohibited by the DTPA at RIGL 6-13.1-2.

48. OCS's conduct as described in this Count was deliberate and outrageous.

49. As a result of OCS's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, lost earning capacity, telephone expenses, and attorney fees.

**Wherefore**, the Plaintiff requests judgment against the Defendant for her actual damages and pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount of $200; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendant from engaging in the wrongful conduct in the future; 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

Terri Lynn Dunbar,
By her Attorney,

John T. Longo, Esq./#4928
681 Smith Street
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

**Jury Demand**

The Plaintiff requests a trial by jury on each and every Count of this Complaint.

2604